UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:　　　　　　　　　　　　　　　　　　　　　　Chapter 7

Diane Ross　　　　　　　　　　　　　　　　　　　Bankruptcy Case No. 17-04084

　　Debtor　　　　　　　　　　　　　　　　　　　Adversary No. 17-00283

_____/

AmeriCash Loans, L.L.C.,

　　Plaintiff,

v.

Diane Ross

　　Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are AmeriCash Loans, L.L.C. ("Plaintiff")
2. The Defendant is Diane Ross ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on February 13, 2017 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, AmeriCash Loans, L.L.C. Loan No.X963, in which the loan was listed on Debtor's Schedule E/F.

2. On May 11, 2017, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,469.08.

3. That on May 23, 2017, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:

　　a. Diane Ross, 17739 Wentworth Avenue, Lansing, IL 60438

4. That on August 3, 2017, a copy of the Alias Summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:

　　a. Diane Ross, 17739 Wentworth Avenue, Lansing, IL 60438

5. The Alias summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

6. No evidence has been presented to challenge the validity of Plaintiff's claim.
7. No evidence has been presented to show that the Defendant did not lack the intent to repay the loan.
8. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.
9. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 18 days prior to the filing of his Chapter 7 bankruptcy petition.
10. The Defendant did not make a single payment towards the loan.
11. On or about September 12, 2017 the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

### A. Jurisdiction
1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument
1. This action was initiated under 11 U.S.C. § 523(a)(2)(A), on May 11, 2017.
2. Additionally, the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).
3. The Defendant scheduled the Plaintiff's claim in the amount of $1,294.00.
4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.
5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.

6. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargeable.

SEP 2 6 2017

Enter:

_____
United States Bankruptcy Judge

Dated: 9/26/17

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff
**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075